■ WALTER HAIDUK, Respondent, v RAJI NASSAR et al., Appellants. [602 NYS2d 543] —In an action, inter alia, for specific performance of a contract for the sale of real property, in which the defendants appealed from a judgment of the Supreme Court, Westchester County (Silberman, J.H.O.), dated December 5, 1988, and that judgment was affirmed by decision and order of this Court dated November 12, 1991 (Haiduk v Nassar, 177 AD2d 545), the parties were directed to appear before this Court to be heard on the issue of the imposition of appropriate sanctions and costs, pursuant to 22 NYCRR 130-1.1 against the appellants for their conduct in making frivolous motions to this Court.

Upon the proceedings before this Court on April 28, 1993, at which the parties were given the opportunity to be heard on the issue of sanctions and costs, it is,

Ordered that Raji Nassar and Fahema Nassar, the appellants pro se, are directed to pay $1,500 in costs to Walter Haiduk, the respondent, within 20 days after service upon them of a copy of this decision and order, with notice of entry, for their conduct in engaging in abusive and frivolous motion practice in this Court.

The appellants appealed from a judgment of the Supreme Court, Westchester County, dated December 5, 1988. On November 12, 1991, this Court unanimously affirmed the judgment.

On June 5, 1992, August 6, 1992, and February 17, 1993, motions by the appellants for reargument of the appeal were denied, the last of which by a decision and order which warned the appellants that abusive motion practice might result in the imposition of sanctions. Nevertheless, the appellants subsequently made a motion for a stay of enforcement of the judgment appealed from. That motion was denied by order of April 8, 1993, which directed that the parties appear before this Court to be heard on the issue of the imposition of sanctions.

Under the circumstances, we deem it appropriate that the appellants pay $1,500 in costs to the respondent to compensate him for the defense of the aforesaid motions. Bracken, J. P., Eiber, O'Brien and Joy, JJ., concur.